**In re "AGENT ORANGE" PRODUCT LIABILITY LITIGATION.**

**MDL No. 381.**

United States District Court,
E.D. New York.

Dec. 19, 1983.

David J. Dean, Dean, Falanga, Sinrod & Rose, Carle Place, N.Y., Stephen J. Schlegel, Schlegel & Trafelet, Ltd., Chicago, Ill., Thomas W. Henderson, Pittsburgh, Pa., Benton Musslewhite, Houston, Tex., for plaintiffs.

Leonard Rivkin, Rivkin, Leff, Sherman & Radler, Garden City, N.Y., Philip Pakula, Townley & Updike, Wendell B. Alcorn, Jr., Cadwalader, Wickersham & Taft, William Krohley, Kelley, Drye & Warren, Thomas Beck, Arthur, Dry & Kalish, New York City, David R. Gross, Budd, Larner, Kent, Gross, Picillo & Rosenbaum, Newark, N.J., Paul V. Esposito, Lewis, Overbeck & Furman, Chicago, Ill., Morton B. Silberman, Clark, Gagliardi & Miller, White Plains, N.Y., for defendants.

MEMORANDUM AND PRETRIAL
ORDER NO. 74

WEINSTEIN, Chief Judge:

On December 16, 1983 this court certified a class action under Federal Rule of Civil Procedure 23(b)(3) for all issues and under Rule 23(b)(I)(B) for punitive damages. 100 F.R.D. 718. The defendants have applied orally for certification of the decision for interlocutory appeal. 28 U.S.C. § 1292(b). The court denied certification because an immediate appeal from the order will not "materially advance the ultimate termination of the litigation." *See Link v. Mercedes-Benz,* 550 F.2d 860, 862–63 (3d Cir. 1977) (en banc) (class action certification grounded in discretionary power of the district court and appellate review under section 1292(b) not appropriate since Rule 23 gives court discretion to revise class action decision any time before decision on merits), *cert. denied,* 431 U.S. 933, 97 S.Ct. 2641, 53

L.Ed.2d 250 (1977). This court noted in its opinion that a reconsideration of the certification was possible based upon subsequent developments in this case.

A reversal of the court's class certification order after trial would not mean that judicial and lawyer's time had been needlessly wasted. *Compare Zenith Radio Corporation v. Matsushita Electric Industrial Co.,* 494 F.Supp. 1190, 1244 (E.D.Pa.1980) (district court certifies issue where reversal after trial would require retrial of "major portion" of case and would be "an enormous waste of the resources of the judicial system"). Were the class certification decision reversed, this court would still proceed with a trial in essentially the same manner. The trial then would involve the claims of the thousands of plaintiffs who have intervened in this action. Thus, the major impact that certification for an interlocutory appeal would have on this case would be to delay its resolution without any saving of time or effort.

In view of the necessity for a prompt trial, an interlocutory appeal would seriously interfere with the court's management of the case. The disruptions caused by an appeal would make effective control of litigation impossible and would frustrate the reasons for consolidating cases for pretrial purposes under 28 U.S.C. § 1407. Moreover, allowing an appeal at this stage would frustrate the purpose of the Federal Rules of Civil Procedure to "secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1. Accordingly, the request for certification is denied.

SO ORDERED.